*GOSSLINS LEGATEES vs. HER LEGITIMATE HEIRS.*

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

No appeal lies in behalf of universal legatees from a rule directing the executor to pay into the treasury the balance in his hands.

The executor appealed from a decree of the Court of Probates, which directed him to pay to the defendants, the money in his hands, belonging to the estate of their ancestor. Pending this appeal the defendants took a rule on him, to show cause why the money should not be deposited in the hands of the Register of Wills. The rule was made absolute, and its performance enforced by a writ of distringas. Before the payment of the money into the treasury, the plaintiffs took a rule on the defendants to show cause, why the writ of distringas should not be set aside. The court below was of opinion that the legatees had no right to interfere in a matter between the court and executor, and discharged the rule, from which judgment the legatees appealed.

*Seghers* for appellant.

*Eastern District, January,* 1831.

GOSELINS LEGA.
*vs.*
HER HEIRS.

*Dennis and Derbigny* for appellees, contended—That an appeal would not lie from such an order, and cited C. C. art. 1666, 1668 and 7th Martin N. S. 457.

*Martin J.* delivered the opinion of the court.

The defendant having appealed from a decree of the Court of Probates, which decreed him to pay the balance in his hands, as executor of their ancestor, to them—they obtained a rule on which he was decreed to pay it into the Treasury of the State, the execution of which was inforced by a writ of distringas.

The universal legatees, before the balance was paid into the treasury, moved to have the writ of distringas set aside; their motion was disallowed and they appealed.

No appeal lies in behalf of universal legatees from a rule directing the executor to pay into the treasury the balance in his hands.

This case has come before us, on motion, for a mandamus, for an appeal of these legatees from the order to the executor to pay the balance into the treasury, and we declined granting the mandamus, on the ground that the case did not present one on which the appellants sustained an irreparable injury by the judgment from which they wished to appeal.

The present appeal is from the refusal of the Court of Probates to forbear carrying that judgment into effect. It is clear, that the reasons that induced us to decline granting the mandamus, militate with equal force against our sustaining the present.

It is therefore ordered, adjudged and decreed, that the appeal be dismissed with costs.